UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| WATTS TRUCKING SERVICE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 24-cv-3210 -CRL-DJQ |
| | ) |
| CM VANTAGE SPECIALTY INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Before the Court is Defendant CM Vantage Specialty Insurance Company's ("CM Vantage") Counterclaim for Declaratory Judgment as to Scope of Appraisal, (Doc. 26), and Plaintiff Watts Trucking Service, Inc.'s ("Watts Trucking") Motion to Compel Appraisal. (Doc. 15). Because Defendant seeks a declaratory judgment, this Court cannot directly rule on that motion but instead makes a recommendation to the District Court. 28 U.S.C. § 636(b)(1)(A). Moreover, because the declaratory judgment counterclaim is very much intertwined with the Motion to Compel Appraisal, the Court also makes a recommendation regarding that motion.

Pursuant to Fed. R. Civ. P 72(a), the Court recommends Defendant's Counterclaim for Declaratory Judgment as to Scope of Appraisal be GRANTED and a Declaratory Judgment as to the Scope of Appraisal be entered on the Counterclaim. The Court also recommends Plaintiff's Motion to Compel Appraisal also be GRANTED.

**I.     Procedural Background**

After both CM Vantage's Motion for Leave to File Declaratory Counterclaim as to Scope of Appraisal, (Doc. 12), and Watts Trucking's Motion to Compel Appraisal, (Doc. 15), were fully briefed, this Court entered an Order on June 6, 2025, granting the Motion for Leave to File the Counterclaim for Declaratory Judgment as to Scope of Appraisal, (Doc. 15), and the Motion to Compel Appraisal. (Doc. 12). In the June 6, 2025 Order, the Court made specific findings as to six policy exclusions and how they applied to the requested appraisal. Thus, the June 6, 2025 Order essentially rules on the Counterclaim for Declaratory Judgment.

After the June 6, 2025 Order and a status hearing, Plaintiff filed an Answer to the Counterclaim, (Doc. 27), and the Parties were given time to object to this Court entering a Report and Recommendation consistent with the June 6, 2025 Order. This time period was in addition to the normal time frames provided in Fed. R. Civ. P. 72(b)(2) after a Report and Recommendation is entered.

**II.    Recommendation**

The Court recommends that the District Court enter an order granting the Counterclaim for Declaratory Judgment as to the Scope of Appraisal, (Doc. 26), and the Motion to Compel Appraisal, (Doc. 12), consistent with the June 6, 2025 Order. Although the June 6, 2025 Order should be adopted in full, that Order will not be repeated herein except for the parts that make specific findings. Specifically, as set forth in the June 6, 2025 Order, it is recommended that declaratory judgment be entered as follows as to the scope of appraisal:

### A.  Exclusions 2-5

Four of the five exclusions relate directly to causation. Specifically, seepage damage; interior damage; damage caused by fungus; and preexisting damage. (Doc. 12 Ex. 8; Doc. 26). As it relates to all four, the Court finds that determining the value of damage cannot be meaningfully separated from the task of determining what caused the damage, and they are subject to appraisal. *See Runaway Bay Condo. Ass'n*, 262 F. Supp. 3d at 601.

### B.  Exclusion 1

As it relates to the "cosmetic" exclusion, the parties do not cite, and the Court is unaware of any cases addressing appraisal provisions in conjunction with exclusion language similar to the "cosmetic" endorsement in the policy. In a way, the "cosmetic exclusion" is between "matching" exclusions and preexisting and other causation-related exclusions. On one hand, the "cosmetic" endorsement directly states it applies "with respect to loss" and specifically provides:

> We will not pay for cosmetic damage to roof surfacing caused by wind and/or hail. For the purpose of this endorsement, cosmetic damage means that the wind and/or hail caused marring, pitting or other superficial damage that altered the appearance of the roof surfacing, but such damage does not prevent the roof from continuing to function as a barrier to entrance of the elements to the same extent as it did before the cometic damage occurred.

(Doc. 12 Ex. 3, p. 9). On the other hand, although seemingly applying to the loss, the cosmetic exclusion goes to the scope and extent of the loss, not to whether the loss was caused by the covered event.

3

Although a very close question, the Court finds that whether the "cosmetic" exclusion applies to the damage at all fourteen properties is a legal question outside the appraisal provision. The Court, however, also believes that with an appropriate appraisal protocol, or memorandum of understanding given to the appraisers, the parameters of the cosmetic exclusion could be made a part of the appraisal process. The Court encourages the parties to work out an agreement. But the Court does not have the authority to mandate it. *Mouw*, 2024 WL 707231 at *4 (explaining that the court did not have the authority to add language to the appraisal provision in the policy).

Consistent with the June 6, 2025 Order, the Court also recommends that the Motion to Compel appraisal be GRANTED.

Accordingly, it is recommended that the District Court enter Declaratory Judgment as to Scope of Appraisal on CM Vantage's Counterclaim, Doc. 26, consistent with the June 6, 2025 Order and also grant Watts Trucking's Motion to Compel Appraisal. (Doc. 15).

ENTERED: June 30, 2025.

/s/       Douglas J. Quivey
DOUGLAS J. QUIVEY
UNITED STATES MAGISTRATE JUDGE